UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH WAYNE JOHNSON**     **FED. REG. #25615-076** | **:** | **CIVIL ACTION NO. 14-cv-3155**     **SECTION P** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **WARDEN, FEDERAL CORRECTIONAL INSTITUTE AT OAKDALE** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for a writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Kenneth Wayne Johnson (hereinafter "Johnson"). Johnson is in custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to petitioner's ability to pursue his claims by filing the appropriate action

**I.**
**BACKGROUND**

Johnson claims that he is being denied adequate medical care. He states that he is a diabetic, that he does not have feeling in his lower extremities, and that he has had one toe amputated. Doc. 1, p. 4. Johnson alleges that since his placement at FCIO, his medical treatment has "turned to the issue of Band-aids." *Id.* He further claims that he has an infection with an open sore that causes him pain, and that without treatment further amputation will be needed. Doc. 1,

p. 5. Herein, Johnson requests that we order the Bureau of Prisons to either treat him or to release him to home confinement for treatment. *Id.*

## II.
### LAW AND ANALYSIS

As an initial matter, we must determine whether to treat petitioner's submission as a petition for a writ of *habeas corpus*, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Generally, a civil rights suit is the appropriate vehicle to contest unconstitutional conditions of confinement and prison procedures, while a *habeas* petition is used to seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: if "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon a review of the pleadings herein, it is clear that Johnson has asserted a civil rights claim. His claims do not allude to the overall length of his confinement but instead implicate the rules, customs, and procedures affecting that confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). In short, he is not attempting to challenge his conviction nor is he asserting that he should not be in custody. Accordingly, he has failed to state a claim for which relief can be granted and this matter should be dismissed. Johnson may hereafter raise these claims in a civil rights complaint provided he follows the appropriate procedure for doing so which among other things includes paying the filing fee or seeking leave to proceed *in forma pauperis*.

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for violations of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

- 3 -

Accordingly, **IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Johnson's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE this 9th  day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE